UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| CANDICE COAKLEY, <br><br> Plaintiff, <br> v. <br><br> LINCOLN NATIONAL LIFE INSURANCE COMPANY <br><br> Defendant. | Civil Action No. 3:17-cv-776-DJH <br><br> COMPLAINT |

Introduction

1. This complaint seeks legal and equitable damages arising from and relating to a long term disability insurance policy underwritten by Defendant.

2. The headings contained in this complaint are intended only to assist in reviewing the statements and allegations contained herein. To avoid the unnecessary repetition in each section, Plaintiff hereby affirms and incorporates each paragraph in each section of this amended complaint as though fully set forth therein.

3. The factual allegations found in this amended complaint are not exhaustive, and are presented throughout this complaint so as to provide the requisite notice of the basis for Plaintiff's allegations.

Jurisdiction & Venue

4. This Court has subject matter jurisdiction over the claims asserted in this action for monetary and equitable relief under Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and § 1132(f).

5. Venue is appropriate in the United States District Court for the Western District of Kentucky pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.

Parties

6. Plaintiff Candice Coakley is a citizen of the United States and an insured participant under the long-term disability insurance policy at issue in this lawsuit.

7. Defendant Lincoln National Life Insurance Company is the underwriter, insurer and administrator of the long-term disability insurance policy at issue in this lawsuit. Lincoln does business as an admitted insurer, and can be found, within the Commonwealth of Kentucky.

Facts

8. Ms. Coakley is insured under a long-term disability insurance policy underwritten, issued and administered by Lincoln.

9. Ms. Coakley ceased work in April 2013 because of the physical limitations resulting from her disabling conditions and corresponding treatment regimen. Subsequent to ceasing work, Ms. Coakley has remained continuously disabled and unable to function on a full-time basis in any gainful employment.

10. Lincoln agreed Ms. Coakley was disabled and provided her with short-term and long-term disability benefits from April 2013 through July 2015. Despite her inability to return to gainful sedentary level employment, and her disabling condition not improving, Lincoln denied her claim for any further long-term disability benefits.

11. Ms. Coakley has met and continues to meet the requirements of the long-term disability insurance policy necessary to continue receiving monthly benefits.

12. Ms. Coakley exhausted her administrative remedies.

13. Ms. Coakley's complaint is timely and is not otherwise time barred.

14. In administering Ms. Coakley's disability claim, Lincoln actively sought to deny (terminate) her long-term disability benefits including relying on a flawed vocational analysis report and misstating her functional limitations and restrictions.

15. Lincoln did not have Ms. Coakley physically examined by a licensed physician.

16. Lincoln utilized medical reviewers who have shown a high, if not absolute, propensity, of supporting its decision to deny long-term disability claims – including Ms. Coakley's claim.

17. At all times relative hereto, Lincoln has been operating under an inherent and structural conflict of interest because any long-term disability benefits paid to Ms. Coakley are paid from Lincoln's own assets with each payment depleting those same assets.

18. Lincoln's corporate culture pressures claims personnel to terminate claims as well as to deny appeals in order to reduce the amount of long-term disability benefits it must pay.

19. Employees who save Lincoln money by terminating or denying claims are more likely to be rewarded (e.g. with favorable employment reviews, promotions, raises, and bonuses) compared with those who do not.

## Claims

### Breach of Contract

20. The long-term disability insurance policy constitutes a written contract.

21. Lincoln breached the terms of the insurance contract. By way of example, and without limitation, Lincoln:

   a. improperly denied Ms. Coakley's claim for long-term disability benefits;

   b. failed to have Ms. Coakley's claim reviewed by a Physician, but instead relied on unlicensed medical opinions;

   c. relied on a flawed vocational analysis in terminating Ms. Coakley's long-term disability benefits; and

   d. failed to provide Ms. Coakley with a full-and-fair review.

22. Lincoln's contractual breach damaged Ms. Coakley, not only in the loss of her long-term disability benefits, but also in the loss of earnings on the unpaid benefits, the loss of opportunity, and attorneys' fees and costs incurred.

23. 29 U.S.C. §§1132(a) is the enforcement mechanism permitting Ms. Coakley to enforce the contractual terms of the long-term disability insurance policy, to obtain past benefits,

to receive reinstatement for payment of long-term disability benefits, to obtain declaratory relief, and to obtain other appropriate equitable relief including, but not limited to, surcharge, make-whole relief, and disgorgement.

### Attorneys' Fees & Costs

24. As a result of Lincoln's conduct, Ms. Coakley has incurred attorneys' fees and costs.

25. 29 U.S.C. §1132(g) is the enforcement mechanism permitting Ms. Coakley to recover her reasonable attorneys' fees and costs.

### Prayer for Relief

26. Ms. Coakley requests the Court enter judgment in her favor and against Lincoln on all claims asserted herein, to include legal and equitable relief as appropriate.

27. Ms. Coakley requests the Court award reasonable attorneys' fees and costs.

28. Ms. Coakley requests the Court award pre- and post-judgment interest at the greater of the prime rate, the policy rate, or the rate earned by Lincoln on the unpaid benefits.

29. Ms. Coakley requests the Court award any and all other legal or equitable relief to which she may be entitled.

30. Ms. Coakley requests leave to amend the complaint as needed.

---

Dated:  December 22, 2017

Respectfully submitted,

s/ Michael D. Grabhorn
Michael D. Grabhorn
*m.grabhorn@grabhornlaw.com*
Andrew M. Grabhorn
*a.grabhorn@grabhornlaw.com*
Grabhorn Law | Insured Rights™
2525 Nelson Miller Parkway, Suite 107
Louisville, KY  40223
p: (502) 244-9331
f: (502) 244-9334

*Counsel for Plaintiff*