UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CANDICE COAKLEY,                                                                                   Plaintiff,

v.                                                                           Civil Action No. 3:17-cv-776-DJH-CHL

LINCOLN NATIONAL LIFE INSURANCE
COMPANY,                                                                                         Defendant.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Candice Coakley sued Defendant Lincoln National Life Insurance Company for unpaid disability benefits under a long-term disability insurance policy issued by Lincoln. (Docket No. 1)  Coakley demands relief under the civil-enforcement provision of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a).  (*Id.*)  Lincoln has moved to transfer this action to the Eastern District of Tennessee because neither Coakley nor any of the facts related to her claim have any connection to the Western District of Kentucky.  (D.N. 10) For the reasons explained below, Lincoln's motion to transfer will be granted.

**I.**

Coakley alleges the following facts in her complaint: She is insured under a long-term disability insurance policy issued by Lincoln.  (D.N. 1, PageID # 2)  She ceased work in April 2013 because of physical limitations resulting from her disabling conditions.  (*Id.*)  Since ceasing work, Coakley has remained continuously disabled and unable to function on a full-time basis in any gainful employment.  (*Id.*)  Lincoln agreed that Coakley was disabled and provided her with short-term and long-term disability benefits from April 2013 to July 2015.  (*Id.*)  Despite Coakley's inability to return to gainful employment due to her disability, Lincoln denied her claim for any further long-term disability benefits.  (*Id.*)

1

Coakley is a resident of Tennessee, and all of her medical providers are located in Tennessee. (D.N. 10-2, PageID # 38) Her former employer, Rehab Solutions, Inc. (RSI), offered its employees long-term disability benefits through a group long-term disability insurance policy. (*Id.*) RSI is a Delaware corporation with its headquarters in North Carolina. (*Id.*) Coakley, however, worked for RSI in Tennessee. (*Id.*) Lincoln, an Indiana corporation with its principal place of business in Pennsylvania, issued the group long-term disability insurance policy to RSI. (*Id.*, PageID # 37-38) Lincoln executed the policy in its Nebraska office and delivered the policy to RSI in North Carolina. (*Id.*, PageID # 38)

Coakley filed suit against Lincoln in the Western District of Kentucky on December 22, 2017, alleging that Lincoln breached the terms of the long-term disability insurance policy. (D.N. 1, PageID # 1, 3) She seeks unpaid benefits, reinstatement of her benefits, declaratory relief, and other equitable relief under ERISA's civil-enforcement provision, 29 U.S.C. § 1132(a). (*Id.*, PageID # 3-4)

Lincoln moved to transfer this action to the Eastern District of Tennessee on February 6, 2018. (D.N. 10) Lincoln argues that transfer is appropriate because (1) Coakley resides in Tennessee; (2) the employee-benefit plan was administered by RSI, which is located in North Carolina; (3) Coakley's medical providers are located in Tennessee; and (4) the alleged breach occurred in Tennessee. (*Id.*, PageID # 23) Lincoln asserts that the only connection between this case and the Western District of Kentucky is the location of Coakley's counsel. (*Id.*) Although Coakley believes that venue is proper in the Western District of Kentucky, she does not oppose Lincoln's motion to transfer. (*See* D.N. 11)

## II.

ERISA's venue provision states that an action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). However, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[1] 28 U.S.C. § 1404(a). "[I]n ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). "In analyzing these factors, the courts are to examine: '(1) the location of witnesses; (2) the parties' residences; (3) the location of evidence; (4) the location of events that gave rise to the suit; (5) [systemic] integrity and fairness; and (6) plaintiff's choice of forum.'" *Hopkins v. Life Ins. Co. of N. Am.*, No. 3:15-cv-00375-GNS-CHL, 2015 WL 9244489, at *2 (W.D. Ky. Dec. 17, 2015) (quoting *Hilbert v. Lincoln Nat'l Life Ins. Co.*, No. 3:14-cv-565-JGH, 2015 WL 1034058, at *1 (W.D. Ky. Mar. 9, 2015)). This Court has routinely granted motions to transfer cases whose only connection to the Western District of Kentucky was the location of the plaintiff's counsel. *See Hopkins*, 2015 WL 9244489, at *2; *Whitehouse v. Life Ins. Co. of N. Am.*, No. 3:15-cv-00639-TBR, 2015 WL 7587361, at *3-4 (W.D. Ky. Nov. 25, 2015); *Hilbert*, 2015 WL 1034058, at *2.

---

[1] Coakley does not dispute that this action might have been brought in the Eastern District of Tennessee. (*See* D.N. 11) Indeed, this action might have been brought in the Eastern District of Tennessee because the alleged breach occurred there. *See* 29 U.S.C. § 1132(e)(2); *Bowyer v. Life Ins. Co. of N. Am.*, No. 3:15-CV-740-TBR, 2016 WL 3094575, at *3 (W.D. Ky. Mar. 4, 2016). (*See* D.N. 10-2, PageID # 38)

3

"The first and third factors, the location of witnesses and evidence, are often irrelevant in ERISA suits since these cases are typically decided on review of the administrative record." *Hopkins*, 2015 WL 9244489, at *2 (quoting *Hilbert*, 2015 WL 1034058, at *2). To the extent that those factors are relevant, Coakley, her physicians, her former employer, and Lincoln "are all located elsewhere than the Western District of Kentucky." *Id.* (*See* D.N. 10-2, PageID # 37-38)

Coakley resides in Tennessee, and Lincoln is an Indiana corporation with its principal place of business in Pennsylvania. (*Id.*) *See Hopkins*, 2015 WL 9244489, at *2. Thus, neither party resides in Kentucky.

"[T]he location of events that gave rise to the suit in the context of an ERISA matter 'is the place where payment was to be received.'" *Id.* (quoting *Hilbert*, 2015 WL 1034058, at *2). As the Court has previously stated, Coakley resides in Unicoi, Tennessee, which is located in the Eastern District of Tennessee. (D.N. 10-2, PageID # 38; *see also id.*, PageID # 45, 48, 57, 61) Coakley would presumably receive payments in the Eastern District of Tennessee, making it the location of events that gave rise to the suit. *See Bowyer*, 2016 WL 3094575, at *3 (concluding that the location of the alleged breach was the place where payment would be received); *Hopkins*, 2015 WL 9244489, at *2.

Systemic integrity and fairness also weigh in favor of transfer, as this case has no connection to Kentucky other than the fact that Coakley's counsel is located here. *See id.* (citing *Hilbert*, 2015 WL 1034058, at *2). And the location of counsel is not an appropriate factor for the Court to consider in deciding whether to transfer a case. *See Whitehouse*, 2015 WL 7587361, at *3.

Finally, Coakley chose to bring suit in the Western District of Kentucky. "[T]he plaintiff's choice of forum should rarely be disturbed." *Means v. U.S. Conference of Catholic Bishops*, 836 F.3d 643, 651 (6th Cir. 2016). However, "courts assign less weight to the plaintiff's choice" where the plaintiff "does not reside in the chosen forum." *Id.*; *see Hopkins*, 2015 WL 9244489, at *2. Coakley resides in Tennessee, not her chosen forum of Kentucky. (*See* D.N. 10-2, PageID # 38) Thus, her choice of forum is given less weight.

The Court has considered the six relevant factors and concludes that the Eastern District of Tennessee is the more appropriate venue for this action. As in *Hopkins*, the sole connection this case has to Kentucky is the plaintiff's counsel; all other aspects of Coakley's claim lie elsewhere. *See Hopkins*, 2015 WL 9244489, at *2. Accordingly, the Court will grant Lincoln's unopposed motion and transfer this action to the Eastern District of Tennessee.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Lincoln National Life Insurance Company's motion to transfer (D.N. 10) is **GRANTED**. Pursuant to 28 U.S.C. § 1404(a), this matter is **TRANSFERRED** to the Eastern District of Tennessee.

February 12, 2018

**David J. Hale, Judge**
**United States District Court**